IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM DONALD MOSLEY,<br><br>    Plaintiff,<br><br>v.<br><br>EG SYSTEMS, INC. d/b/a SCOTTS LAWNSERVICE;<br><br>    Defendant. | CIVIL ACTION NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff William Donald Mosley ("Mosley") brings this complaint for damages and other relief against Defendant EG Systems, Inc. d/b/a Scotts LawnService ("Scotts") and states and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over this case under 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of

1

Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claim, as described in this complaint, occurred within this Division and District.

## PARTIES

4. Mosley is a resident of Henry County, Georgia.

5. Scotts is an Indiana corporation with a principal place of business in Marysville, Ohio. Scotts is licensed to do business in Georgia, has a registered agent in Georgia, conducts substantial business in Georgia, and is subject to the personal jurisdiction of this Court. Scotts may be served through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

6. In the three years prior to the filing of this complaint, Scotts has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

7. In the three years prior to the filing of this complaint, Scotts has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

8. Between 2012 and the present day, Scotts has employed one or more individuals who have handled materials that have traveled in interstate commerce.

9. For example, Scotts employed Mosley, who used tools in performing his work for Defendants that were manufactured outside the state of Georgia.

10. Scotts had an annual gross volume of sales made or business done in excess of $500,000 in 2012.

11. Scotts had an annual gross volume of sales made or business done in excess of $500,000 in 2013.

12. Scotts had an annual gross volume of sales made or business done in excess of $500,000 in 2014.

## COUNT I: FAILURE TO PAY OVERTIME

13. Mosley began working for Scotts on or about March 9, 2009, as a mobile mechanic.

14. At all relevant times, Scotts paid Mosley an hourly wage for his work and classified him as non-exempt under the FLSA.

15. Mosley worked a full-time schedule for Scotts.

16. Mosley routinely worked in excess of 40 hours per week for Scotts.

17. Scotts regularly suffered and permitted Mosley to perform work for which he received no compensation at all.

18. For example, Mosley often fielded service calls from his cell phone at home.

19. By way of further example, Mosley often completed paperwork off the clock from home because he was unable to complete it within regular working hours.

20. By way of further example, Scotts managers frequently called Mosley on the weekends, at night, and during other times when he was not scheduled to work to ask him to pick up parts for trucks and aerators.

21. At his supervisors' request, Mosley often picked up parts for Scotts off the clock.

22. Mosley's supervisors encouraged or required off-the-clock work because overtime pay was disfavored at Scotts.

23. In addition, Scotts deprived Mosley of proper overtime wages by miscalculating his regular rate of pay.

24. Under the FLSA and relevant federal regulations, an employee's "regular rate" of pay is determined by adding together the employee's total compensation—including the employee's hourly rate and incentive payments—and dividing it by the total number of hours worked during the week in which that compensation was earned.

25. Scotts paid Mosley non-discretionary incentive payments and bonuses when the district met its performance goals. In addition, Scotts paid Mosley a non-discretionary "wellness incentive" for not smoking cigarettes.

26. According to Mosley's payroll records, however, Scotts omitted these incentives and bonuses from Mosley's regular rate of pay.

27. Scotts's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

28. Mosley seeks damages in the amount of his unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

29. Mosley also seeks the recovery of his attorney's fees and costs as provided by the FLSA.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Mosley respectfully prays that:

a. The Court enter judgment in favor of Mosley and against Scotts;

b. The Court grant declaratory judgment that Defendant's actions, as alleged, constituted a violation of the FLSA;

c. The Court award Mosley all unpaid wages, as provided for by the FLSA;

d. The Court award Mosley liquidated damages equal to the amount of his unpaid wages, as provided for by the FLSA;

e. The Court award Mosley reasonable costs and attorney's fees, as provided for by the FLSA; and

f. The Court grant Mosley such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Plaintiff Mosley demands a jury trial on all issues triable by a jury.

Dated:  February 4, 2015

Respectfully submitted,

/s/ Mike Walker

| | |
|---|---|
| **MAYS & KERR LLC**<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (404) 855-4066<br>Attorney for Plaintiffs | Jeff Kerr<br>Ga. Bar No. 634260<br>jeff@maysandkerr.com<br>Mike Walker<br>Ga. Bar No. 954678<br>mike@maysandkerr.com |